**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CARL S. TURNER                                                                            PLAINTIFF
ADC #81306

V.                                              NO: 5:10CV00246 JLH/HDY

LARRY NORRIS *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.

Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District
            Judge (if such a hearing is granted) was not offered at the
            hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the
            hearing before the District Judge in the form of an offer of

1

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently held at the East Arkansas Regional Unit of the Arkansas Department of

Correction ("ADC"), filed this complaint on August 19, 2010, raising claims relating to the ADC's

Reduction of Sexual Victimization Program ("RSVP"). Because Plaintiff has failed to state a claim

upon which relief may be granted, his complaint should be dismissed.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.   However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

In his complaint, Plaintiff claims that he has been granted parole, but his release is being delayed because he must complete the RSVP program as a condition of his parole.  Plaintiff alleges that he is being required to repeat "phase 2" of the program, even though he has already completed it.  This is apparently because Plaintiff will not admit that he committed the crime for which he has been sentenced, and because an RSVP counselor did not like his participation (docket entry #2, page #7).[1]  Plaintiff complains of favoritism, and that the program rules are "used inappropriately," and have taken on an "outrageous interpretation" (docket entry #2, page #4).  Plaintiff asserts that he does not want to complete the program, because it is a stressful environment and causes him depression.  As a result, Plaintiff elected to "sign out" of the program (docket entry #2, page #9). For relief, Plaintiff seeks damages, release from the RSVP program, and release from custody.

It is apparent that Plaintiff claims he is being denied parole because he is unwilling or unable to complete the RSVP program.  However, Plaintiff has no fundamental right to parole.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and nothing in the

---

[1]Plaintiff was sentenced for residential burglary and attempted rape (docket entry #2, page #38).

Arkansas statutes creates a right of an inmate to be released on parole.  *Hamilton v. Brownlee*, 237 Fed.Appx. 114 (unpub. per curiam).  Therefore, Plaintiff has failed to state a claim upon which relief may be granted with respect to any parole denial.

Additionally, Plaintiff may not be granted release in a § 1983 action.  By asserting a claim that directly attacks the validity of his conviction or hold, Plaintiff is challenging the lawfulness of his continued confinement.  In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Court analyzed the important distinction between a *habeas* action and a § 1983 claim.  In a *habeas* action, a petitioner is challenging the lawfulness of his incarceration.  *Id.* at 484.  In contrast, in a § 1983 action, a prisoner is challenging some aspect of the conditions of his confinement.  *Id* at 499.  Importantly, the label a prisoner gives to his suit is not controlling.  *Id.* at 489-90.  Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*.  Thus, as a matter of law, Plaintiff's request for release fails to state a claim for relief under 42 U.S.C. § 1983.

Likewise, Plaintiff is not entitled to damages.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  In *Heck,* the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  Any determination that Plaintiff is entitled to damages would necessarily imply the invalidity of Plaintiff's incarceration.

To the extent that Plaintiff may claim that ADC policy is not being followed in the RSVP program, such claims also fail.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Finally, Plaintiff has no claim for the emotional injuries he described.  Without a physical injury, mental or emotional injuries are not actionable.

*See* 42 U.S.C. § 1997e(e).[2]  Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   10   day of November, 2010.


_____
UNITED STATES MAGISTRATE JUDGE

---

[2]"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *Id.*